UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TOUSSAINT DAVIS,

                Plaintiff,                        9:07-CV-0321
                                                               (GTS/DRH)

WILLIAM CHAPPLE, Chief Deputy; DANIEL G.
MIDDAUGH, Sheriff; ROBERT MYERS, Shift
Commander; LT. GRIFFO, Shift Commander;
KEVIN MILLER, Correctional Officer; BAMBURY,
Correctional Officer; DONALD STOCK, Nurse
Administrator; JANE DOE, Nurse; and HELEN
HEIM, Grievance Coordinator,

                Defendants.
_____

APPEARANCES:

TOUSSAINT DAVIS, 07-B-1357
    Plaintiff, *Pro Se*
Clinton Correctional Facility
P.O. Box 2001
Dannemora, New York 12929

DEL BUONO DIODATI, LLP                                DAVID R. DIODATI, ESQ.
    Counsel for Defendants
23 Genesee Street
New Hartford, New York 13413

HON. GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

        Currently before the Court, in this *pro se* prisoner civil rights action filed by Toussaint Davis ("Plaintiff") against the above-captioned employees of the New York State Department of Correctional Services ("Defendants"), are Defendants' motion for summary judgment (Dkt. No. 43), and United States Magistrate Judge David R. Homer's Report-Recommendation

recommending that Defendants' motion be granted in part and denied in part (Dkt. No. 48). Neither party has submitted an Objection to the Report-Recommendation. For the reasons set forth below, the Report-Recommendation is accepted and adopted in its entirety, and Defendants' motion is granted in part and denied in part.

## I. RELEVANT BACKGROUND

Plaintiff filed his Complaint in this action on March 27, 2007. (Dkt. No. 1.) Generally, construed with the utmost of liberality, Plaintiff's Complaint alleges that, between approximately February 28, 2006, and October 5, 2006, while Plaintiff was a pretrial detainee at Oneida County Correctional Facility in Rome, New York, the above-captioned Defendants violated his constitutional rights. More specifically, Plaintiff's Complaint asserts the following claims: (1) retaliation and denial of access to the courts in violation of the First Amendment; and (2) inadequate medical care, wrongful confinement in administrative segregation, and excessive restraints during recreation, cruel-and-unusual conditions of confinement, and the use of excessive force in violation of the Fourteenth Amendment.[1] (*See generally* Dkt. No. 1 [Plf.'s Compl.].) Familiarity with the factual allegations supporting these claims in Plaintiff's Complaint is assumed in this Decision and Order, which is intended primarily for review by the parties. (*Id*.)

On May 29, 2009, Defendants filed a motion for summary judgment seeking dismissal of all of Plaintiff's claims. (Dkt. No. 43.) Generally, in support of their motion, Defendants argue as follows: (1) Plaintiff has failed to establish that Defendants were personally involved in the

---

[1] As noted by Magistrate Judge Homer in his Report-Recommendation, "[c]laims concerning the conditions of confinement brought by a pretrial detainee, such as Davis here, must be analyzed under the Fourteenth Amendment Due Process Clause." (Dkt. No. 48, at 13.)

alleged violations; (2) Defendants are protected from liability as a matter of law by the doctrine of qualified immunity; and (3) Plaintiff's Complaint failed to state a claim against Defendants Bambury, Meyers, Griffo, Stock, and Miller. (*Id*.)

On July 22, 2009, after being granted an extension of time by the Court, Plaintiff filed a response in opposition to Defendants' motion. (Dkt. No. 45.) In his response, Plaintiff argues as follows: (1) his medical indifference claim should not be dismissed because X-rays were taken only of his lower back and should also have been taken also of his upper back/neck area; (2) his excessive force claim against Defendant Miller should not be dismissed because Plaintiff has introduced evidence that Defendant Miller physically assaulted him, used pepper spray on him, and tied him up; (3) he was threatened by both Defendant Miller and Defendant Myers because of his underlying conviction for killing a police officer (and, as a result, he lives in fear for his life); and (4) Defendants are not entitled to summary judgment because unresolved issues of fact remain. (*Id*.)

On November 4, 2009, Magistrate Judge Homer issued a Report-Recommendation recommending that Defendants' motion be granted in part and denied in part. (Dkt. No. 48.) More specifically, Magistrate Judge Homer recommended that (1) Plaintiff's due process, excessive force and improper use of restraints claims survive Defendants' motion for summary judgment, and (2) Plaintiff's other claims be dismissed. (*Id*.) Neither party has submitted an Objection to the Report-Recommendation and the time in which to do so has expired. Familiarity with the grounds of Magistrate Judge Homer's Report-Recommendation is assumed in this Decision and Order, which again is intended primarily for review by the parties.

II.     APPLICABLE LEGAL STANDARDS

   A.   Standard of Review

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1)(C).[2] When only general objections are made a magistrate judge's report-recommendation, the Court reviews the report-recommendation for clear error or manifest injustice. *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).[3] Similarly, when a party makes no objection to a portion of a report-recommendation, the Court reviews that portion for clear error or manifest injustice. *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted]. After conducing the appropriate review, the Court may "accept,

---

   [2] On *de novo* review, "[t]he judge may . . . receive further evidence . . . ." 28 U.S.C. § 636(b)(1)(C). However, a district court will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but was not, presented to the Magistrate Judge in the first instance. *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters,* 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate").

   [3] *See also Vargas v. Keane*, 93-CV-7852, 1994 WL 693885, at *1 (S.D.N.Y. Dec. 12, 1994) (Mukasey, J.) ("[Petitioner's] general objection [that a] Report . . . [did not] redress the constitutional violations [experienced by petitioner] . . . is a general plea that the Report not be adopted . . . [and] cannot be treated as an objection within the meaning of 28 U.S.C. § 636."), *aff'd*, 86 F.3d 1273 (2d Cir.), *cert. denied*, 519 U.S. 895 (1996).

reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### B.      Standard Governing a Motion for Summary Judgment

Under Fed. R. Civ. P. 56, summary judgment is warranted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  In determining whether a genuine issue of material fact exists, the Court must resolve all ambiguities and draw all reasonable inferences against the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  In addition, "[the moving party] bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the . . . [record] which it believes demonstrate[s] the absence of any genuine issue of material fact." *Celotex v. Catrett*, 477 U.S. 317, 323-24 (1986).  However, when the moving party has met this initial responsibility, the nonmoving party must come forward with "specific facts showing a genuine issue [of material fact] for trial." Fed. R. Civ. P. 56(e)(2).

A dispute of fact is "genuine" if "the [record] evidence is such that a reasonable jury could return a verdict for the novmoving party." *Anderson*, 477 U.S. at 248.  As a result, "[c]onclusory allegations, conjecture and speculation . . . are insufficient to create a genuine issue of fact." *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998) [citation omitted]; *see also* Fed. R. Civ. P. 56(e)(2).  As the Supreme Court has famously explained, "[The nonmoving party] must do more than simply show that there is some metaphysical doubt as to the material facts" [citations omitted].  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986).

As for the materiality requirement, a dispute of fact is "material" if it "might affect the

outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248.  "Factual disputes that are irrelevant or unnecessary will not be counted." *Id*. [citation omitted].

Implied in the above-stated burden-shifting standard is the fact that, where a nonmoving party willfully fails to adequately respond to a motion for summary judgment, a district court has no duty to perform an independent review of the record to find proof of a factual dispute–even if that nonmoving party is proceeding *pro se*.[4] (This is because the Court extends special solicitude to the *pro se* litigant largely by ensuring that he or she has received notice of the consequences of failing to properly respond to the motion for summary judgment.)[5]  As has often been recognized by both the Supreme Court and Second Circuit, even *pro se* litigants must obey a district court's procedural rules.[6]  For this reason, this Court has often enforced Local Rule 7.1(a)(3) by deeming

---

[4] *Amnesty Am. v. Town of W. Hartford*, 288 F.3d 467, 470 (2d Cir. 2002) [citations omitted]; *accord*, *Lee v. Alfonso*, No. 04-1921, 2004 U.S. App. LEXIS 21432 (2d Cir. Oct. 14, 2004), *aff'g*, 97-CV-1741, 2004 U.S. Dist. LEXIS 20746, at *12-13 (N.D.N.Y. Feb. 10, 2004) (Scullin, J.) (granting motion for summary judgment); *Fox v. Amtrak*, 04-CV-1144, 2006 U.S. Dist. LEXIS 9147, at *1-4 (N.D.N.Y. Feb. 16, 2006) (McAvoy, J.) (granting motion for summary judgment); *Govan v. Campbell*, 289 F. Supp.2d 289, 295 (N.D.N.Y. 2003) (Sharpe, M.J.) (granting motion for summary judgment); *Prestopnik v. Whelan*, 253 F. Supp.2d 369, 371-372 (N.D.N.Y. 2003) (Hurd, J.).

[5] *Krug v. County of Rennselaer*, 04-CV-0640, 2006 WL 2669122, at *3 (N.D.N.Y. Sept. 18, 2006); *see also Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996) ("This Court has also held that summary judgment should not be entered by default against a *pro se* plaintiff who has not been given any notice that failure to respond will be deemed a default.") [citations omitted].

[6] *See McNeil v. U.S.,* 508 U.S. 106, 113 (1993) ("While we have insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed . . . we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *McKaskle v. Wiggins*, 465 U.S. 168, 184 (1984) ("Nor does the Constitution require judges to take over chores for a *pro se* [litigant] that would normally be attended to by trained counsel as a matter of course."); *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980) ("[I]in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law [even when that strict adherence inures to the detriment

facts set forth in a moving party's statement to have been admitted where the nonmoving party has willfully failed to properly respond to that statement[7]–even where the nonmoving party was proceeding *pro se* in a civil rights case.[8]

---

of a *pro se* litigant]."); *Faretta v. California*, 422 U.S. 806, 834, n.46 (1975) ("The right of self-representation is not a license . . . not to comply with relevant rules of procedural and substantive law."); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (*pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law") [citation omitted]; *LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995) ("Although *pro se* litigants should be afforded latitude, . . . they generally are required to inform themselves regarding procedural rules and to comply with them . . . . This is especially true in civil litigation.") [internal quotation marks and citations omitted]; *Edwards v. I.N.S.*, 69 F.3d 5, 8 (2d Cir. 1995) ("[W]hile a *pro se* litigant's pleadings must be construed liberally, . . . *pro se* litigants generally are required to inform themselves regarding procedural rules and to comply with them.") [citations omitted]; *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) ("[T]he right [to benefit from reasonable allowances as a *pro se* litigant] does not exempt [the *pro se*] party from compliance with relevant rules of procedural and substantive law.") [internal quotation marks and citations omitted].

[7]     Among other things, Local Rule 7.1(a)(3) requires that the nonmoving party file a response to the moving party's Statement of Material Facts, which admits or denies each of the moving party's factual assertions in matching numbered paragraphs, and supports any denials with a specific citation to the record where the factual issue arises. N.D.N.Y. L. R. 7.1(a)(3).

[8]     *See, e.g., Hassig v. N.Y.S. Dep't of Environmental Conservation*, 01-CV-0284, Decision and Order, at 7 (N.D.N.Y. filed March 4, 2004) (McAvoy, J.), *aff'd*, No. 04-1773, 2005 WL 290210 (2d Cir. Feb. 2, 2005); *Lee*, 2004 U.S. Dist. LEXIS 20746, at *12-13, 15, *aff'd*, No. 04-1921, 2004 U.S. App. LEXIS 21432; *Harvey v. Morabito,* 99-CV-1913, 2003 WL 21402561, at *1, 3-4 (N.D.N.Y. June 17, 2003) (Sharpe, M.J.), *adopted by* 99-CV-1913, Order, at 2-3 (N.D.N.Y. filed Jan. 15, 2004) (Munson, J.), *aff'd*, No. 04-1008, 115 F. App'x 521 (2d Cir. Dec. 23, 2004); *Krug*, 2006 WL 2669122, at *2-3; *Fox*, 2006 U.S. Dist. LEXIS 9147, at *2-3; *Singleton v. Caron*, 03-CV-0455, 2005 WL 2179402, at *3-4 (N.D.N.Y. Sept. 5, 2005) (Peebles, M.J.), *adopted by* 03-CV-0455*,* 2006 WL 2023000, at *3 (N.D.N.Y. July 18, 2006) (Sharpe, J.); *Govan*, 289 F. Supp.2d at 295; *Butler v. Weissman*, 00-CV-1240, 2002 WL 31309347, at *3 (N.D.N.Y. June 20, 2002) (Sharpe, M.J.), *adopted by* 00-CV-1240, Decision and Order, at 1-2 (N.D.N.Y. filed July 22, 2002) (Kahn, J.); *DeMar v. Car-Freshner Corp.*, 49 F. Supp.2d 84, 86 & n.1 (N.D.N.Y. 1999) (McAvoy, C.J.); *Costello v. Norton*, 96-CV-1634, 1998 WL 743710, at *1, n.2 (N.D.N.Y. Oct. 21, 1998) (McAvoy, C.J.); *Squair v. O'Brien & Gere Eng'rs, Inc.*, 96-CV-1812, 1998 WL 566773, at *1, n.2 (N.D.N.Y. Aug. 21, 1998) (Scullin, J.); *see also Monahan v. N.Y. City Dep't of Corr.*, 214 F.3d 275, 292 (2d Cir. 2000) (discussing, in *pro se* civil rights case, district courts' discretion to adopt local rules like 7.1[a][3] "to carry out the conduct of its business").

### III.   ANALYSIS

Neither party has not submitted an Objections to the Report-Recommendation. As a result, the Court reviews the Report-Recommendation for only clear error or manifest injustice. After so reviewing all of the papers in this action, including Magistrate Judge Homer's Report-Recommendation, the Court can find no clear error in Magistrate Judge Homer's Report-Recommendation. (*See* Dkt. No. 48, at 6-24, [Report-Recommendation].) Magistrate Judge Homer employed the proper legal standards, accurately recited the facts, and reasonably applied the law to those facts. (*Id*.) As a result, the Court adopts the Report-Recommendation in its entirety for the reasons stated therein.[9]

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Homer's Report-Recommendation (Dkt. No. 48) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 43) is **DENIED** as to the following claims:

   (1)   Plaintiff's claim for continued administrative segregation in violation of the Fourteenth Amendment,

   (2)   Plaintiff's claim for improper use of full restraint orders in violation of the Fourteenth Amendment, and

   (3)   Plaintiff's claim for excessive force in violation of his the Fourteenth Amendment;

and it is further

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 43) is **GRANTED**

---

   [9]   The Court notes that the Report-Recommendation would survive even *de novo* review.

as to all other claims; and it is further

**ORDERED** that the Clerk of the Court grant judgment in all respects to Defendants Donald Stock, Jane Doe and Helen Heim, and terminate these individuals as Defendants in this action.

Dated: January 8, 2010
       Syracuse, New York

                                                  Hon. Glenn T. Suddaby
                                                  U.S. District Judge