UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TOUSSAINT DAVIS,

                          Plaintiff,

                                                    9:07-CV-0321
                                                    (GTS/DRH)

WILLIAM CHAPPLE, Chief Deputy; DANIEL G.
MIDDAUGH, Sheriff; ROBERT MYERS, Shift
Commander; LT. GRIFFO, Shift Commander;
KEVIN MILLER, Correctional Officer; BAMBURY,
Correctional Officer; DONALD STOCK, Nurse
Administrator; JANE DOE, Nurse; and HELEN
HEIM, Grievance Coordinator,

                          Defendants.

_____

APPEARANCES:

TOUSSAINT DAVIS, 07-B-1357
     Plaintiff, *Pro Se*
Clinton Correctional Facility
P.O. Box 2001
Dannemora, New York 12929

DEL BUONO DIODATI, LLP                              DAVID R. DIODATI, ESQ.
     Counsel for Defendants
23 Genesee Street
New Hartford, New York 13413

HON. GLENN T. SUDDABY, United States District Judge

## AMENDED DECISION and ORDER

        Previously, in this *pro se* prisoner civil rights action filed by Toussaint Davis ("Plaintiff")

against the above-captioned employees of the New York State Department of Correctional

Services ("Defendants"), the Court issued a Decision and Order adopting in its entirety the

Report-Recommendation of United States Magistrate Judge David R. Homer, which

recommended that Defendants' motion for summary judgment be granted in part and denied in part. (Dkt. No. 49.) However, after the filing of the Judgment in this action, Plaintiff sought, and was granted, leave to file Objections to the Report-Recommendation, which he subsequently did. As a result, currently before the Court are (1) Defendants' motion for summary judgment (Dkt. No. 43), (2) United States Magistrate Judge David R. Homer's Report-Recommendation recommending that Defendants' motion be granted in part and denied in part (Dkt. No. 48), and (3) Plaintiff's Objections to the Report-Recommendation (Dkt. No. 53). For the following reasons, the Report-Recommendation is accepted and adopted in its entirety, and Defendants' motion is granted in part and denied in part.

## I.      RELEVANT BACKGROUND

Plaintiff filed his Complaint in this action on March 27, 2007. (Dkt. No. 1.) Generally, construed with the utmost of liberality, Plaintiff's Complaint alleges that, between approximately February 28, 2006, and October 5, 2006, while Plaintiff was a pretrial detainee at Oneida County Correctional Facility in Rome, New York, the above-captioned Defendants violated his constitutional rights. More specifically, Plaintiff's Complaint asserts the following claims: (1) retaliation and denial of access to the courts in violation of the First Amendment; and (2) inadequate medical care, wrongful confinement in administrative segregation, and excessive restraints during recreation, cruel-and-unusual conditions of confinement, and the use of excessive force in violation of the Fourteenth Amendment.[1] (*See generally* Dkt. No. 1 [Plf.'s Compl.].) Familiarity with the factual allegations supporting these claims in Plaintiff's Complaint

---

[1]      As noted by Magistrate Judge Homer in his Report-Recommendation, "[c]laims concerning the conditions of confinement brought by a pretrial detainee, such as Davis here, must be analyzed under the Fourteenth Amendment Due Process Clause." (Dkt. No. 48, at 13.)

2

is assumed in this Decision and Order, which is intended primarily for review by the parties.  (*Id*.)

On May 29, 2009, Defendants filed a motion for summary judgment seeking dismissal of all of Plaintiff's claims.  (Dkt. No. 43.)  Generally, in support of their motion, Defendants argue as follows: (1) Plaintiff has failed to establish that Defendants were personally involved in the alleged violations; (2) Defendants are protected from liability as a matter of law by the doctrine of qualified immunity; and (3) Plaintiff's Complaint failed to state a claim against Defendants Bambury, Meyers, Griffo, Stock, and Miller.  (*Id*.)

On July 22, 2009, after being granted an extension of time by the Court, Plaintiff filed a response in opposition to Defendants' motion.  (Dkt. No. 45.)  In his response, Plaintiff argues as follows: (1) his medical indifference claim should not be dismissed because X-rays were only taken of his lower back and should also have been taken of his upper back/neck area; (2) his excessive force claim against Defendant Miller should not be dismissed because Plaintiff has introduced evidence that Defendant Miller physically assaulted him, used pepper spray on him, and tied him up; (3) he was threatened by both Defendant Miller and Defendant Myers because of his underlying conviction for killing a police officer (and, as a result, he lives in fear for his life); and (4) Defendants are not entitled to summary judgment because unresolved issues of fact remain.  (*Id*.)

On November 4, 2009, Magistrate Judge Homer issued a Report-Recommendation recommending that Defendants' motion be granted in part and denied in part.  (Dkt. No. 48.)  More specifically, Magistrate Judge Homer recommended that (1) Plaintiff's due process, excessive force and improper use of restraints claims survive Defendants' motion for summary judgment, and (2) Plaintiff's other claims be dismissed.  (*Id*.)  Familiarity with the grounds of

3

Magistrate Judge Homer's Report-Recommendation is assumed in this Decision and Order, which is intended primarily for review by the parties.

Objections to the Report-Recommendation were due by November 19, 2009.  Neither party timely filed any Objections.  As a result, on January 8, 2010, the Court issued a Decision and Order adopting Magistrate Judge Homer's Report-Recommendation in its entirety; Defendants' motion for summary judgment was granted in part and denied in part, and judgment was subsequently entered in favor of three Defendants.  (Dkt. Nos. 49 and 50.)

On January 29, 2010, Plaintiff filed a letter with the Court, stating, among other things, that he had been transferred from Clinton Correctional Facility to Onondaga County Correctional Facility, and was not made aware of the Report-Recommendation (Dkt. No. 48) and subsequent Decision and Order adopting the Report-Recommendation (Dkt. No. 49) until he received the Court's January 22, 2010 text notice, which indicated that a pretrial conference was scheduled before Magistrate Judge Homer.  (Dkt. No. 51.)   In this letter, Plaintiff also stated that he "would like to object to the [Report-Recommendation]," and requested, for the second time, that this action be stayed.[2]

On February 1, 2010, the Court issued a Text Order that denied Plaintiff's request for a stay of the action but, out of special solicitude to Plaintiff, granted his request for an extension of time to file Objections.  On February 15, 2010, Plaintiff filed his Objections to the Report-Recommendation.  (Dkt. No. 53.)

---

[2]   Plaintiff's previous request for a stay was denied.  (*See* Dkt. No. 47.)

4

## II.     APPLICABLE LEGAL STANDARDS

### A.     Standard of Review

When specific objections are made to a magistrate judge's report-recommendation, the

Court makes a "*de novo* determination of those portions of the report or specified proposed

findings or recommendations to which objection is made."  *See* 28 U.S.C. § 636(b)(1)(C).[3]  When

only general objections are made a magistrate judge's report-recommendation, the Court reviews

the report-recommendation for clear error or manifest injustice.  *See Brown v. Peters*, 95-CV-

1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd*

*without opinion*, 175 F.3d 1007 (2d Cir. 1999).[4]  Similarly, when a party makes no objection to a

portion of a report-recommendation, the Court reviews that portion for clear error or manifest

injustice.  *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995)

(Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983

Addition [citations omitted].  After conducing the appropriate review, the Court may "accept,

---

[3]     On *de novo* review, "[t]he judge may . . . receive further evidence . . . ."  28
U.S.C. § 636(b)(1)(C).  However, a district court will ordinarily refuse to consider arguments,
case law and/or evidentiary material that could have been, but was not, presented to the
Magistrate Judge in the first instance.  *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132,
1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has
no right to present further testimony when it offers no justification for not offering the testimony
at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am.*
*World Airways, Inc. v. Int'l Bhd. of Teamsters,* 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court
did not abuse its discretion in denying plaintiff's request to present additional testimony where
plaintiff "offered no justification for not offering the testimony at the hearing before the
magistrate").

[4]     *See also Vargas v. Keane*, 93-CV-7852, 1994 WL 693885, at *1 (S.D.N.Y. Dec.
12, 1994) (Mukasey, J.) ("[Petitioner's] general objection [that a] Report . . . [did not] redress the
constitutional violations [experienced by petitioner] . . . is a general plea that the Report not be
adopted . . . [and] cannot be treated as an objection within the meaning of 28 U.S.C. § 636."),
*aff'd*, 86 F.3d 1273 (2d Cir.), *cert. denied*, 519 U.S. 895 (1996).

reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

###    B.        Standard Governing a Motion for Summary Judgment

Under Fed. R. Civ. P. 56, summary judgment is warranted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  In determining whether a genuine issue of material fact exists, the Court must resolve all ambiguities and draw all reasonable inferences against the moving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  In addition, "[the moving party] bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the . . . [record] which it believes demonstrate[s] the absence of any genuine issue of material fact."  *Celotex v. Catrett*, 477 U.S. 317, 323-24 (1986).  However, when the moving party has met this initial responsibility, the nonmoving party must come forward with "specific facts showing a genuine issue [of material fact] for trial."  Fed. R. Civ. P. 56(e)(2).

A dispute of fact is "genuine" if "the [record] evidence is such that a reasonable jury could return a verdict for the novmoving party."  *Anderson*, 477 U.S. at 248.  As a result, "[c]onclusory allegations, conjecture and speculation . . . are insufficient to create a genuine issue of fact."  *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998) [citation omitted]; *see also* Fed. R. Civ. P. 56(e)(2).  As the Supreme Court has famously explained, "[The nonmoving party] must do more than simply show that there is some metaphysical doubt as to the material facts" [citations omitted].  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986).

As for the materiality requirement, a dispute of fact is "material" if it "might affect the

outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248.  "Factual disputes that

are irrelevant or unnecessary will not be counted."  *Id*. [citation omitted].

Implied in the above-stated burden-shifting standard is the fact that, where a nonmoving

party willfully fails to adequately respond to a motion for summary judgment, a district court has

no duty to perform an independent review of the record to find proof of a factual dispute–even if

that nonmoving party is proceeding *pro se*.[5]  (This is because the Court extends special solicitude

to the *pro se* litigant largely by ensuring that he or she has received notice of the consequences of

failing to properly respond to the motion for summary judgment.)[6]  As has often been recognized

by both the Supreme Court and Second Circuit, even *pro se* litigants must obey a district court's

procedural rules.[7]  For this reason, this Court has often enforced Local Rule 7.1(a)(3) by deeming

---

[5]        *Amnesty Am. v. Town of W. Hartford*, 288 F.3d 467, 470 (2d Cir. 2002) [citations
omitted]; *accord*, *Lee v. Alfonso*, No. 04-1921, 2004 U.S. App. LEXIS 21432 (2d Cir. Oct. 14,
2004), *aff'g*, 97-CV-1741, 2004 U.S. Dist. LEXIS 20746, at \*12-13 (N.D.N.Y. Feb. 10, 2004)
(Scullin, J.) (granting motion for summary judgment); *Fox v. Amtrak*, 04-CV-1144, 2006 U.S.
Dist. LEXIS 9147, at \*1-4 (N.D.N.Y. Feb. 16, 2006) (McAvoy, J.) (granting motion for
summary judgment); *Govan v. Campbell*, 289 F. Supp.2d 289, 295 (N.D.N.Y. 2003) (Sharpe,
M.J.) (granting motion for summary judgment); *Prestopnik v. Whelan*, 253 F. Supp.2d 369, 371-
372 (N.D.N.Y. 2003) (Hurd, J.).

[6]        *Krug v. County of Rennselaer*, 04-CV-0640, 2006 WL 2669122, at \*3 (N.D.N.Y.
Sept. 18, 2006); *see also Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996) ("This Court has
also held that summary judgment should not be entered by default against a *pro se* plaintiff who
has not been given any notice that failure to respond will be deemed a default.") [citations
omitted].

[7]        *See McNeil v. U.S.,* 508 U.S. 106, 113 (1993) ("While we have insisted that the
pleadings prepared by prisoners who do not have access to counsel be liberally construed . . .  we
have never suggested that procedural rules in ordinary civil litigation should be interpreted so as
to excuse mistakes by those who proceed without counsel."); *McKaskle v. Wiggins*, 465 U.S.
168, 184 (1984) ("Nor does the Constitution require judges to take over chores for a *pro se*
[litigant] that would normally be attended to by trained counsel as a matter of course.");
*Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980) ("[I]in the long run, experience teaches that
strict adherence to the procedural requirements specified by the legislature is the best guarantee
of evenhanded administration of the law [even when that strict adherence inures to the detriment

facts set forth in a moving party's statement to have been admitted where the nonmoving party has

willfully failed to properly respond to that statement[8]–even where the nonmoving party was

proceeding *pro se* in a civil rights case.[9]

---

of a *pro se* litigant]."); *Faretta v. California*, 422 U.S. 806, 834, n.46 (1975) ("The right of self-representation is not a license . . .  not to comply with relevant rules of procedural and substantive law."); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (*pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law") [citation omitted]; *LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995) ("Although *pro se* litigants should be afforded latitude, . . . they generally are required to inform themselves regarding procedural rules and to comply with them . . . .  This is especially true in civil litigation.") [internal quotation marks and citations omitted]; *Edwards v. I.N.S.*, 69 F.3d 5, 8 (2d Cir. 1995) ("[W]hile a *pro se* litigant's pleadings must be construed liberally, . . . *pro se* litigants generally are required to inform themselves regarding procedural rules and to comply with them.") [citations omitted]; *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) ("[T]he right [to benefit from reasonable allowances as a *pro se* litigant] does not exempt [the *pro se*] party from compliance with relevant rules of procedural and substantive law.") [internal quotation marks and citations omitted].

[8]       Among other things, Local Rule 7.1(a)(3) requires that the nonmoving party file a response to the moving party's Statement of Material Facts, which admits or denies each of the moving party's factual assertions in matching numbered paragraphs, and supports any denials with a specific citation to the record where the factual issue arises.  N.D.N.Y. L. R. 7.1(a)(3).

[9]       *See, e.g.*, *Hassig v. N.Y.S. Dep't of Environmental Conservation*, 01-CV-0284, Decision and Order, at 7 (N.D.N.Y. filed March 4, 2004) (McAvoy, J.), *aff'd*, No. 04-1773, 2005 WL 290210 (2d Cir. Feb. 2, 2005); *Lee*, 2004 U.S. Dist. LEXIS 20746, at *12-13, 15, *aff'd*, No. 04-1921, 2004 U.S. App. LEXIS 21432; *Harvey v. Morabito*, 99-CV-1913, 2003 WL 21402561, at *1, 3-4 (N.D.N.Y. June 17, 2003) (Sharpe, M.J.), *adopted by* 99-CV-1913, Order, at 2-3 (N.D.N.Y. filed Jan. 15, 2004) (Munson, J.), *aff'd*, No. 04-1008, 115 F. App'x 521 (2d Cir. Dec. 23, 2004); *Krug*, 2006 WL 2669122, at *2-3; *Fox*, 2006 U.S. Dist. LEXIS 9147, at *2-3; *Singleton v. Caron*, 03-CV-0455, 2005 WL 2179402, at *3-4 (N.D.N.Y. Sept. 5, 2005) (Peebles, M.J.), *adopted by* 03-CV-0455, 2006 WL 2023000, at *3 (N.D.N.Y. July 18, 2006) (Sharpe, J.); *Govan*, 289 F. Supp.2d at 295; *Butler v. Weissman*, 00-CV-1240, 2002 WL 31309347, at *3 (N.D.N.Y. June 20, 2002) (Sharpe, M.J.), *adopted by* 00-CV-1240, Decision and Order, at 1-2 (N.D.N.Y. filed July 22, 2002) (Kahn, J.); *DeMar v. Car-Freshner Corp.*, 49 F. Supp.2d 84, 86 & n.1 (N.D.N.Y. 1999) (McAvoy, C.J.); *Costello v. Norton*, 96-CV-1634, 1998 WL 743710, at *1, n.2 (N.D.N.Y. Oct. 21, 1998) (McAvoy, C.J.); *Squair v. O'Brien & Gere Eng'rs, Inc.*, 96-CV-1812, 1998 WL 566773, at *1, n.2 (N.D.N.Y. Aug. 21, 1998) (Scullin, J.); *see also Monahan v. N.Y. City Dep't of Corr.*, 214 F.3d 275, 292 (2d Cir. 2000) (discussing, in *pro se* civil rights case, district courts' discretion to adopt local rules like 7.1[a][3] "to carry out the conduct of its business").

III.    **ANALYSIS**

A.      **Magistrate Judge Homer's Report-Recommendation**

After carefully reviewing all of the papers in this action, including Magistrate Judge Homer's Report-Recommendation of April 30, 2009, and Plaintiff's Objections thereto, the Court concludes that the Report-Recommendation is correct in all respects. Magistrate Judge Homer employed the proper standards, accurately recited the facts alleged, and properly applied the law to those facts. (*See* Dkt. No. 48.) As a result, the Court accepts and adopts the Report-Recommendation in its entirety for the reasons stated therein.[10] The Court will only add two points.

First, with regard to Plaintiff's retaliation claim, in his Objections, he argues that he was "engaged in activities that were protected by the Constitution [before he experienced adverse action]." (Dkt. No. 53, at 2.) However, in his Complaint, Plaintiff alleges that the "protected activity" in which he engaged was the filed grievances at the Oneida County Jail, beginning on October 5, 2006. (Dkt. No. 1.) Moreover, Plaintiff alleges that the adverse action that he suffered (which included threats from certain Defendants, and an assault by one Defendant, occurred) *before* he started filing grievances on October 5, 2006. (*Id*.) Because the adverse action that Plaintiff allegedly suffered occurred *before* he started allegedly filing grievances (or, at the very least, before the corrections officers who threatened Plaintiff became aware that he had filed grievances), Plaintiff's retaliation claim fails to state a claim upon which relief may be granted.

Moreover, based on the available record evidence, the only conceivable adverse action

---

[10]     Although the Court characterizes Plaintiff's Objections as general in nature, the Court's conclusion is based on a *de novo* review of the Report-Recommendation, out of special solicitude to Plaintiff as a *pro se* civil rights litigant.

that occurred after Plaintiff started filing grievances on October 5, 2006, was the removal of his linens, towels and bed sheets by Deputy Burdick based "on the orders of Lieutenant Griffo" on October 10, 2006.  (Dkt. No. 1, ¶ 12 [Plf.'s Verified Complaint].)  Plaintiff has not adduced any admissible record evidence establishing that Deputy Burdick was acting not because of Defendant Griffo's orders but because of Plaintiff's grievances.  Nor has Plaintiff adduced any admissible record evidence establishing that Defendant Griffo knew, or had reason to know, of Plaintiff's grievances (which do not appear to have been against him).  Based on the current record, any causal link between Plaintiff's filing of grievances and Defendant Griffo's asserted order to Deputy Burdick is purely speculative.  Moreover, Plaintiff himself swears, in his verified Complaint, that his linens, towels and bed sheets were removed by Deputy Burdick "purely [in] retaliation for [Plaintiff's] *crime* [of killing a police officer]."  (*Id.* [emphasis added].)  Certainly, killing a police officer is not activity protected by the First Amendment.  As a result, Plaintiff's retaliation claim is dismissed on the alternative ground that he has failed to adduce admissible record evidence establishing a casual connection between the grievances that he filed and the actions of Deputy Burdick and/or Defendant Griffo.

Second, with regard to Plaintiff's conditions of confinement claim, Plaintiff cites three cases in support of his argument that depriving him of a blanket, bed linens, and towels amounts to a deprivation of basic human needs.  The Court will not address each of these cases, but will instead note simply that Plaintiff failed to allege, let alone establish, that the temperature of his cell was so cold that Plaintiff experienced substantial harm as a result of these deprivations.  *See Trammel v. Keane*, 338 F.3d 155, 158-159, 164 (2d Cir. 2003) (affirming grant of defendants' motion for summary judgment dismissing Eighth Amendment claim based on [1] deprivation of

10

all property except one pair of undershorts and [2] exposure to "bitter cold," because the temperatures to which inmate was exposed were not cold enough, and the period of time in which he was deprived of clothing-seventeen days-was not long enough); *Davis v. Buffardi*, 01-CV-0285, 2005 WL 1174088, at *2 (N.D.N.Y. May 4, 2005) (Magnuson, J.) (granting defendants' motion for summary judgment dismissing claim of inadequate prison conditions under Fourteenth Amendment based on denial of extra blankets and clothing for ten days in February, during which period prison's boiler was not working, because pretrial detainees failed to submit any evidence that "the temperature in [the prison] was so cold that Plaintiffs experienced substantial harm").

For all these reasons, and for the reasons stated by Magistrate Judge Homer in his Report-Recommendation, Defendants' motion for summary judgment is granted in part and denied in part as set forth in the Report-Recommendation.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Homer's Report-Recommendation (Dkt. No. 48) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 43) is **DENIED** as to the following claims:

(1)     Plaintiff's claim for continued administrative segregation in violation of the Fourteenth Amendment,

(2)     Plaintiff's claim for improper use of full restraint orders in violation of the Fourteenth Amendment, and

(3)     Plaintiff's claim for excessive force in violation of his the Fourteenth Amendment; and it is further

11

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 43) is **GRANTED**

as to all other claims; and it is further

**ORDERED** that the Clerk of the Court grant judgment in all respects to Defendants

Donald Stock, Jane Doe and Helen Heim, and terminate these Defendants from the action.

Dated: March 16, 2010
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge

12